**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| LISA LEA BROSSETTE, ET AL. | CIVIL ACTION NO. 07-0888 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SWIFT TRANSPORTATION, CO., INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal (Record Document 36) filed by Defendant Swift Transportation Co., Inc. ("Swift"). Swift asks this Court to reverse the Magistrate Judge's order of July 14, 2008, which denied Defendants' Motion to Compel and their related request to re-open the deposition of Plaintiff. See Record Document 30.

The decision by a magistrate judge as to discovery issues is a non-dispositive matter. This action is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not conclusively decide. Magistrate Judge Hornsby's Memorandum Order is not a recommendation to the district court; rather, it is an order from the magistrate judge on a non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A); see also Castillo v. Frank, 70 F.3d 382, 385 (5th Cir. 1995) & Perales v. Casillas, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review the Magistrate Judge's legal conclusions *de novo*, and will review his factual findings for clear error. See Choate v. State Farm Lloyds, No. 03-CV-2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

The Court has reviewed the record, including the briefs filed by all parties, and concludes that Magistrate Judge Hornsby's finding that Plaintiff's mental or physical

condition is not "in controversy" as required by Rule 35(a) is neither clearly erroneous nor contrary to law. Plaintiff's allegations of mental anguish and emotional distress arising from her spouse's death did not put her mental condition "in controversy" such that she should be subjected to a psychiatric exam pursuant to Rule 35(a). Instead, at trial, the parties will be free to present evidence relating to Plaintiff's marriage and the jury will weigh such evidence as it determines if Plaintiff is entitled to general damages. Further, as noted by the Magistrate Judge, a ruling to the contrary would subject every surviving spouse who alleged mental anguish and/or emotional distress arising out of their spouse's death to a psychiatric exam under Rule 35(a). Likewise, the Court finds that Swift has not demonstrated good cause to subject Plaintiff to a third examination.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Hornsby's Memorandum Order (Record Document 30) of July 14, 2008, which denied Defendants' Motion to Compel and their related request to re-open the deposition of Plaintiff, be and is hereby **AFFIRMED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 27th day of August, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE