**MINUTES [01:30]**
**October 9, 2008**
**JUDGE S. MAURICE HICKS, JR.**
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| LISA LEA BROSSETTE, ET AL. | CIVIL ACTION NO. 07-0888 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SWIFT TRANSPORTATION, CO., INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

The Court held a pretrial conference on October 9, 2008 at 11 a.m. in the above-captioned matter. A.J. Gregory, Roy S. Payne, and R. Stuart Wright appeared on behalf of Plaintiffs. Campbell Ed Wallace, Scott A. Soule, and Vicki Warner appeared on behalf of Defendants.

The jury trial in this matter is **SET** for **Monday, November 17, 2008 at 9:00 a.m.** and is expected to last approximately five days. Because the matter is set second on the Court's calendar for that date, the alternative trial dates of January 12, 2009 and January 26, 2009 were discussed. If the matter of Smith v. Dialysis Clinic, Inc., No. 5:06-CV-2381, is not settled and/or dismissed by noon on Thursday, November 13, the Court will notify the parties and upset the scheduled trial date. In accordance with Local Rule 16.4, counsel shall inform the Court immediately if settlement is reached.

The parties indicated at that they intend to retain a private mediator in the hopes of facilitating settlement. If the parties cannot agree upon a mediator within **10 calendar days**, the Court will appoint a United States Magistrate Judge to mediate the dispute.

During the pretrial conference, the Court orally **DENIED** the General Motion in

Limine (Record Document 63) filed by Defendants. Notwithstanding, Defendants were grated leave to re-file any meritorious motions in limine contained therein (that is, motions grounded in both the facts and the law of this case) on or before October 16, 2008.

Determining that the General Motion in Limine (Record Document 63) submitted by Defense Counsel Campbell Ed Wallace and Scott A. Soule of Chaffe McCall, LLP was filed for the purposes of causing unnecessary delay and needlessly increasing the costs of litigation, the Court, pursuant to its inherent power to regulate the conduct of attorneys appearing before it, imposed the following sanction: Plaintiffs' counsel are hereby ordered to submit to Chaffe McCall, LLP, through attorneys Wallace and Soule, a bill of reasonable attorney's fees incurred in responding to Defendants' General Motion in Limine. Chaffe McCall, LLP is ordered to pay these reasonable fees directly to Gregorio, Gregory, & Payne within 10 calendar days of receiving a bill. If Chaffe McCall, LLP disputes the reasonableness of Plaintiff's itemized fees, Plaintiff's counsel is directed to file a formal motion for attorney's fees with this Court. In no event shall Wallace and Soule attempt to charge their clients for fees requested by Plaintiff's counsel in conjunction with responding to the General Motion in Limine. Nor shall the firm bill their clients for any fees and costs incurred in generating and filing the General Motion in Limine (Record Document 63). If any such fees and costs have been charged to the Defendants, Chaffe McCall, LLP shall promptly refund such amounts.

Three other motions in limine remain pending: Plaintiffs' Motion in Limine (Record Document 62), Defendants' Motion in Limine to Exclude Evidence of David Hendricks' Prior Arrests and Conviction (Record Document 64), and Defendants' Motion in Limine to

Exclude Evidence of David Hendricks' MySpace Webage and Sexual Orientation (Record Document 65). Written rulings on these motions will issue in due course.

At voir dire, **seven jurors** will be selected. Counsel will be permitted **three peremptory strikes**, which will be submitted to the court simultaneously and in written form. The Court will conduct voir dire.

At trial, the parties will be permitted to make **opening statements lasting 20 minutes**. If any deposition testimony is introduced, counsel shall provide a **"read along" copy of the edited deposition testimony** for each juror. Counsel shall provide someone to read the deposition testimony from the witness stand.

**PRE-TRIAL DEADLINES:**

**7 Days after Rulings on Motions in Limine Issue:**

1. **Revised pretrial order** accompanied by a **revised exhibit list**, and those **portions of deposition testimony** that parties intend to use at trial. The Court will not adopt the current version of the proposed pretrial order (Record Document 78), which includes a long list of apparently inadmissible exhibits. Where possible, the parties shall refer to the pages, paragraphs, and/or lines sought to be introduced when listing exhibits and identifying deposition testimony.

**Wednesday, November 5, 2008**

1. **Findings of Fact and Conclusions of Law** shall be exchanged and filed in record. The proposed findings of fact and conclusions of law shall be formatted in

enumerated, single-sentence statements. Conclusions of law should include pinpoint legal citations to the appropriate rule, statute, or case.

2. **Final trial exhibits** shall be exchanged. Counsel shall also submit to Chambers two paper copies of trial exhibits along (one for the Court and a second for the Courtroom Deputy/Jury with two copies, in DVD/CD format, of any electronic exhibits. Paper copies shall be in a three-ring binder, with each exhibit separated by a numbered tab.

3. **Objections to deposition testimony.** Counsel are to **highlight objectionable portions** of opposing counsel's excerpted deposition testimony and to **note objections in margin**.

4. **Objections to exhibits** shall be filed. Such objections must identify the contested exhibit (or a specific portion thereof), as well as a pinpoint citation to the Federal Rule of Evidence upon which the objection is founded.

5. The Plaintiffs must file their **final will call witness list**. A party is responsible for producing its will call witnesses. Failure to include witness on list prevents that witness from appearing, except for impeachment purposes.

6. **Jury submissions**, including **jury instructions**, proposed questions for **voir dire**, a proposed **joint verdict form**, and a **joint preliminary statement** to be read to the Jury. Pattern 5th Cir. jury instructions shall be used. If the parties are unable to agree as to any specific jury instruction, a separate proposal, supported by pinpoint citations, should be submitted for each contested instruction.

**Friday, November 7, 2008**

4.  The parties must submit a witness list and glossary of all names and unusual terms to the court reporter, **Marie Runyon (Room 4212)**. Real-time is available by arrangement with Mrs. Runyon, who may be contacted at 222-9203.

**Monday, November 10, 2008**

5.  The Defendants must file their **final will call** witness list.

**Standing Trial Orders:**

A.  The parties shall submit to Chambers electronic courtesy copies of **ALL** submissions. The submissions shall be formatted in WordPerfect, Word, or Rich Text Format and e-mailed to: **motions_hicks@lawd.uscourts.gov**.

B.  The Court will make the **jury questionnaires** available to the parties the Friday afternoon before trial, when they can be picked up at 300 Fannin Street, Suite 1167, Shreveport, LA 71101. Counsel are advised of the privileged nature of that information and that it shall not be copied or shared with anyone. Jury questionnaires MUST be returned to Denise McDonnell after jury selection.

C.  Counsel will exchange the **order of witnesses** each morning before trial begins. A copy of the witness order shall be provided to Chambers at the same time.

D.  Counsel are to **be prepared to use the equipment in the courtroom** for evidence presentation. Counsel may contact Denise McDonnell at 676-3188 to make arrangements for instruction on the operation of the equipment.

E.      Counsel shall familiarize themselves with the **local rules** for this district.

F.      Counsel should arrive in the courtroom **30 minutes** prior to trial on the first day of trial.

*[Signature]*