**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| LISA LEA BROSSETTE, ET AL. | CIVIL ACTION NO. 07-0888 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SWIFT TRANSPORTATION, CO., INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the is Defendants' *General Motion in Limine* (Record Document 101). For the reasons detailed below, the motion is **DENIED in part**. Specifically, motions numbered one through 6 are DENIED, and the Court defers ruling on the motion numbered 7.

The numbered subheadings below list items, referred to below as individual "motions," which Defendants seek to prevent Plaintiffs from introducing or referring to at trial. The numbering corresponds to Defendants' numbering in Record Document 101.

**1. Any evidence of discovery responses made by Defendants**

Defendants motion numbered one is **DENIED** as vague and speculative. Relying on Rules 401, 402, and 403, and considerations of judicial economy, Defendants seek generally to preclude Plaintiffs from offering evidence of any of Defendants' discovery responses. The Court will not categorically exclude Defendants' discovery responses on the basis of so "general" a motion. Defendants may reurge their objections with specificity at trial and by filing any specific objections to Plaintiffs' final trial exhibits with the by Court November 5, 2008.

**2. Any evidence, reference, or argument regarding Defendants' discovery objections, whether Defendants objected to discovery, whether Defendants claimed privilege to any information or document, and/or**

**whether the Court denied or overruled any claim of privilege**

Defendants motion numbered two is **DENIED**. Relying on Rules 401, 402, 403, 501, and Federal Rule of Civil Procedure 37, Defendants seek generally to exclude any suggestion that Defendants have hidden or destroyed evidence by preventing the Plaintiffs from making any mention whatsoever of Defendants' discovery objections. See Record Document 110, ¶ 2.

The Plaintiffs' Opposition brief and Defendants' Reply brief suggest that Defendants' chief goal in filing this motion is excluding evidence and preventing mention of the fact that certain data regarding the position of the truck driven by Defendant David Hendricks was destroyed or lost by Swift Transportation. See Record Document 110, ¶ 2; Record Document 106 ¶ 2. The truck was equipped with a global position satellite and Qual-Com communication device ("Qual-Com/GPS") that recorded information regarding the truck's positioning. The position of the truck, and whether it occupied the left or right lane of travel, is the central issue in this case. It appears that Swift Transportation lost or destroyed the Qual-Com/GPS devices. See Record Document 110, ¶ 2; Record Document 106 ¶ 2. Defendants argue, among other things, that Plaintiffs cannot support a claim that Qual-Com data would assist in determining whether the truck made its right-hand turn from the left or the right lane of travel. See Record Document 110, ¶ 2. Defendants further argue that because Plaintiffs failed to file a motion for an order compelling discovery of the device, they have waived their remedy and can no longer complain about "the supposedly deficient responses to discovery." Record Document 101, ¶ 2.

Defendants cite no authority in support of this last assertion. As such, and because

the missing evidence in question appears to be highly relevant to the instant case, Defendants motion is DENIED. However, the Court is aware and Plaintiffs are cautioned of the fact that substantial, unfair prejudice could result to Defendants if they are surprised on the eve of trial or at trial by a mention of the lost/destroyed evidence described above. Accordingly, **before mentioning or introducing evidence regarding Defendants' discovery responses, Plaintiffs shall, out of the presence and hearing of all prospective jurors and the jurors ultimately selected in this case, notify the Court** so that Defendants have opportunity to object. In addition, Defendants may reurge their objections with specificity at trial and by filing any objections to Plaintiffs' final trial exhibits with the by Court November 5, 2008.

3. **Any evidence regarding the determination that Mr. Hendricks' prior accidents and the accident made the subject of this lawsuit were "preventable accidents" and any mention of Swift being in regulatory compliance in making such determinations**

Defendants' motion numbered three is **DENIED**. Defendants represent that Swift Transportation internally classified the collision at issue in this case as a "'preventable accident' pursuant to a DOT [Department of Transportation] regulation." See Record Document 110, ¶ 3. Defendants quote the definition of "preventable" promulgated by the National Safety Counsel (NSC) and the definition of a "preventable accident" in the Federal Motor Carrier Safety Regulations, and argue that comparing these definitions with Louisiana's duty-risk negligence analysis is like comparing "apples to oranges," See id.; Record Document 101, ¶ 3. Citing an unpublished district court case from the Northern

District of Illinois, Defendants argue that presenting evidence regarding

> Swift's internal determination in accordance with DOT regulations that an accident was 'preventable' will not assist the trier of fact . . . [and] presenting evidence of these various standards will likely confuse and mislead the jury . . . regarding the different standards and the significance of the preventability finding, diverting attention away from the real issue of negligence under Louisiana law.

and thereby prejudicing Defendants. See id.

Defendants, however, fail to specify precisely which (if any) of the two regulations Swift applied in making its preventability determination. Defendants cite deposition testimony from Plaintiff's safety expert regarding the differences between the NSC's definition of preventability and the definition of preventability in a court of law. See Record Document 110, ¶ 3 (citing Bonner Dep.). However, the NSC's website indicates that it is a non-profit organization rather than an arm of the Department of Transportation. See http://www.nsc.org/resources/issues/radon/index.aspx ("The National Safety Council, a non-profit organization . . ."). Swift Transportation claims it applied an unspecified DOT regulation to assess the preventability of the collision at issue in this case. See Record Document 110, ¶ 3. As such, it appears that the NSC's definition of "preventable" is not at all relevant to this discussion. For the same reason, Villaba, the case relied upon by Defendants is inapposite. See Villaba v. Consol. Freightways Corp., 2000 WL 1154073, *6 (N.D. Ill. Aug. 14, 2000) (plaintiff could not offer evidence that an employer deemed a collision a "preventable accident" where the defendant "utilize[d] the National Safety Council Rules to determine accident preventability").

For the purposes of this ruling, the Court assumes that the DOT regulation Swift applied to assess preventability in this case is the Federal Motor Carrier Safety Regulation

cited in its initial brief in support of this motion in limine (Record Document 101, ¶ 3). That regulation defines a preventable accident as "an accident (1) that involved a commercial motor vehicle; and (2) that <u>could</u> <u>have</u> <u>been</u> averted but for an act, or failure to act, by the motor carrier or the driver." 49 C.F.R. § 385.3. The meaning of "preventable" embodied in that regulation is no different from the meaning of the term in ordinary usage.

Accordingly, no confusion or prejudice would result from the introduction of the contested evidence. On the other hand, it appears that prejudice would result if the evidence were excluded, as Plaintiffs represent, and Defendants do not deny, that three of the Defendants' experts state explicitly in their depositions (and may testify at trial) that Mr. Brosette could have prevented the collision. See Record Document 106, ¶ 3. Evidence that Swift classified the accident as "preventable" by Defendant Hendricks will bolster Plaintiff's ability to oppose such testimony.

**4.      Any evidence, reference, or argument relative to steps taken by Swift after the accident made the subject of this [lawsuit] including, without limitation, the termination of Mr. Hendricks**

Defendants' motion numbered four is **DENIED**. Plaintiffs have indicated that they do not intend to offer evidence regarding the termination of Mr. Hendricks unless Defendants open the door by offering other evidence that requires the admission of this evidence in response. See Record Document 106, ¶ 4, As such, to the extent that this motion seeks to exclude only evidence of the termination of Mr. Hendricks, it is DENIED as moot. To the extent that it seeks to exclude other evidence under Rule 407, it is DENIED as vague and speculative. Defendants may reurge their objections with specificity at trial and by filing any

objections to Plaintiffs' final trial exhibits with the by Court November 5, 2008.

5.   **Certain photographs of Mrs. Brosette and the Brosette family and undated notes from Mr. Brosette**

Defendants' motion numbered five is **DENIED**. Federal and state courts routinely admit photographs of the decedent in wrongful death suits. See, e.g., Bridges v. Enterprise Prods. Co., Inc., 2008 WL 80401, at *2 (S.D. Miss. Jan 4., 2008) (holding that plaintiff could introduce photographs of, and testimony about, the decedent during her life; Pregeant v. Pan Am. World Airways, Inc., 762 F.2d 1245, 1249 n.3 (5th Cir. 1985) (upholding trial court's admission of numerous family photographs showing decedent with family members); Cockerham v. LaSalle Nursing Home, Inc., 2006-10 (La. App. 3 Cir. 5/3/06); 930 So.2d 239, 244 (affirming lower court's admission of family photos). The photographs are probative of the love and affection shared among the Deceased and other members of the Brosette family. They are relevant and admissible regardless of whether the periods of time they depict occurred before or after the Brosette's martial relations became strained. Defendants object to some photographs in which they claim Mr. Brosette is not pictured. However, Defendants failed to present the Court with copies of the photographs sought to be introduced, and as a result have failed to meet their burden of demonstrating that this evidence is irrelevant and therefore excludable. Defendants also object because a date is not printed on each photograph. Plaintiffs represent that the Brosette family will authenticate the can authenticate the photographs, including their approximate dates and the activities they depict. Defendants further object because some of the pages of photographs produced to them by Plaintiffs contained text. This objection is mooted by

Plaintiff's clarification that they do not intend to offer these photographs with the accompany text. See Record Document 106, ¶ 6. Finally, Defendants object on the basis that the photographs are too numerous and argue that Plaintiffs should be allowed to introduce only a limited number of photographs. The deadline for submitting exhibits has not yet expired, and Plaintiffs have not yet submitted the photos in question exhibits to the Court. Accordingly, any ruling that this photographic evidence is cumulative would be premature. Defendants may reurge their objections with specificity at trial and by filing any objections to Plaintiffs' final trial exhibits with the by Court November 5, 2008.

6. **Any reference regarding whether Defendants do or do not have a corporate representative at trial and whether Mr. Hendricks appears at trial**

Defendants' motion numbered 6 is **DENIED**. Defendants have cited no authority that would prevent Plaintiffs from referring to the absence of Mr. Hendricks or any of Defendant Swift's employees.

7. **Any evidence, statement, or reference to the fact that Hendricks received a citation in connection with the accident**

The Court defers ruling on Defendants' motion numbered 7.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith. **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 29th day of October, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE