**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| LISA LEA BROSSETTE, ET AL. | CIVIL ACTION NO. 07-0888 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SWIFT TRANSPORTATION, CO., INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

At a pretrial conference held on October 9, 2008, this Court found that defense counsel Campbell E. Wallace and Scott A. Soule of the Chaffe McCall firm had filed a so-called *General Motion in Limine* (Record Document 63), which contained 90 separate motions in limine, for the purposes of causing unnecessary delay and needlessly increasing the costs of litigation. See Pretrial Conference Minutes, Record Document 89. The Court therefore sanctioned attorneys Wallace and Soule, requiring them to: (1) pay fees Plaintiff's counsel incurred in responding to the General Motion in Limine (see Record Document 89); and (2) file affidavits into the record averring that Defendants were not charged any fees in connection with the preparation of the *General Motion in Limine,* either because the clients were not billed for the charges or because the client(s) were issued a refund. See Record Document 96.

Attorneys Wallace and Soule filed affidavits into the record as ordered by this Court. See Record Documents 99 & 100. However, the attorneys' fees portion of the sanction has not yet been fulfilled, as Chaffe McCall disputes the reasonableness of Plaintiffs' counsel's itemized bill of fees incurred in responding to the General Motion in Limine. In response and in accord with this Court's order (see Record Document 89), Plaintiffs' counsel filed a *Motion for Attorneys' Fees* (Record Document 106), which Defense counsel opposed

(Record Document 146). On December 11, 2008, Plaintiffs' counsel filed a *Reply* brief (Record Document 156, Attachment 2) regarding the motion for fees.

That *Reply* called to this Court's attention the fact that Mr. Wallace was in fact sanctioned by a sister court in the Western District of Louisiana. See Williams v. Midwest Employers Cas. Co., No. 97-1208 (W.D.La., Record Documents 414 & 415, filed Mar. 22, 2000). Mr. Wallace appealed that sanction to the Fifth Circuit Court of Appeals. See Williams v. Midwest Employers Cas. Co. et al., No. 00-30432 (5th Cir. filed Mar. 8, 2001). The Fifth Circuit dismissed counsel's appeal for want of jurisdiction. Id.

In the Williams case, the Honorable Robert James, who sits in the Monroe Division of our District, specifically found the following:

> Campbell E. Wallace sent a letter to the Court dated August 10, 1999 in support of his position regarding plaintiff's motion to enforce the settlement in this case. In the letter . . . Mr. Wallace **misled the Court** by representing that he had tendered the settlement funds to plaintiff's counsel, when in fact he sent plaintiff's counsel a photocopy of the check. [In addition, . . .] Mr. Wallace's insertion of subrogation language in the settlement agreement without disclosing this substantive change to plaintiff's counsel was done in bad faith and without justification.

Williams, No. 97-1208, Record Document 414, at 2 (emphasis added). Judge James imposed a monetary sanction of $1,500 against Mr. Wallace under Federal Rule of Civil Procedure 11.

Plaintiffs' counsel point out that at the pretrial conference in this case, before imposing the attorneys' fees sanction, this Court specifically asked attorney Wallace whether he had ever been sanctioned by a court, and Mr. Wallace answered in the negative. (See Record Document 156, Attachment 2). Unfortunately, it appears that the Rule 11 sanction imposed by Judge James may not have deterred Mr. Wallace from

perpetrating further misrepresentation in this District.

This Court, pursuant to both Rule 11 and its inherent powers, originally imposed a sanction of $1,500 on attorneys Wallace and Soule. Wallace pleaded with the Court to drop the Rule 11 sanction because of it had a certain aura that he worried would follow him in future endeavors. This Court, relying on the strength of Wallace's assertion that his record was free from sanction, withdrew the Rule 11 sanction in favor of the more lenient sanction ultimately imposed.

Mr. Wallace is **HEREBY ORDERED** to show cause on the **12th** day of **January, 2009**, at **2 p.m.**, at 300 Fannin Street, Courtroom 1, why the Court should not: (1) reinstate the original $1,500 sanction under Rule 11, (2) impose upon him an additional monetary sanction under Rule 11, (3) suspend Mr. Wallace from further practice in the federal courts of the Western District of Louisiana, and (4) refer Mr. Wallace for disciplinary action to the Louisiana Attorney Disciplinary Board and the Mississippi Bar's Committee on Professional Responsibility.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 15th day of December, 2008.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE