# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| LISA LEA BROSSETTE, ET AL. | CIVIL ACTION NO. 07-0888 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SWIFT TRANSPORTATION, CO., INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is Plaintiffs' *Motion for Attorneys' Fees* (Record Document 131). For the reasons detailed below, **IT IS ORDERED THAT** the foregoing motion be and is hereby **GRANTED**.

## BACKGROUND

At a pretrial conference held on October 9, 2008, this Court found that defense counsel Campbell E. Wallace and Scott A. Soule of the Chaffe McCall firm filed a so-called *General Motion in Limine* (Record Document 63), which contained 90 individual motions in limine, for the purposes of causing unnecessary delay and needlessly increasing the costs of litigation. (See Pretrial Conference Minutes, Record Document 89.) The Court therefore sanctioned attorneys Wallace and Soule,[1] requiring them to, among other things, pay fees Plaintiff's counsel incurred in responding to the *General Motion in Limine*. (See Record Document 89.)

Plaintiffs' counsel submitted an "Invoice for Legal Services Provided" ("the Invoice"),

---

[1] The Court, pursuant to both Rule 11 and its inherent powers, first imposed and later withdrew a sanction of $1,500 on attorneys Wallace and Soule. Wallace pleaded with the Court to drop the Rule 11 sanction because of it had a certain aura that he worried would follow him in future endeavors. This Court, relying on the strength of Wallace's assertion that his record was free from sanction, withdrew the Rule 11 sanction in favor of the more lenient sanction ultimately imposed.

which contains an itemized record of services provided and reflects charges for 27.6 attorney hours totaling $5,805.00. See Record Document 131. Chaffe McCall disputes the reasonableness of Plaintiffs' counsel's itemized bill of fees incurred in responding to the *General Motion in Limine.*[2] In response and in accord with this Court's order (see Record Document 89), Plaintiffs filed a *Motion for Attorneys' Fees* (Record Document 106), to which Defense counsel filed an Opposition (Record Document 146). Plaintiffs' counsel filed a *Reply* brief (Record Document 156, Attachment 2).

Defense counsel argue that the fees submitted by Plaintiffs are unreasonable for three reasons. First, Defense counsel contend that the 27 hours of attorney time listed in the Invoice is unreasonable, and that Plaintiffs' counsel should have charged only 8 hours for preparing a response to the *General Motion in Limine.* (Record Document 146). Second, Defense counsel point out that Plaintiff's invoice does not specify whether the charged time was spent in responding to all of Defendants' three motions in limine, or merely the *General Motion in Limine* to which the sanction refers. (Id.) Finally, Defense counsel claim that the billing rate assigned by Plaintiffs' counsel to Ms. Payne, whom Defense counsel characterize as "an attorney with less than one year's experience," is "beyond the prevailing community standard." (Id.) Defense counsel "suggest that a reasonable fee for preparation of the opposition is $3,000.00 for a response to the entire *Motion in Limine*." (Id.)

## ANALYSIS

---

[2]In connection with their Opposition, Chaffe McCall paid $5,805.00 in to the Court's registry, which equals the fees claimed by Plaintiff's counsel in the instant motion. See Record Document 148.

The Court addresses each of Defendant's objections in turn:

**I.    Reasonableness of Time Billed in Responding to the General Motion in *Limine***

Each of the 90 motions contained in Defendants' *General Motion in Limine* described a separate and discrete issue. As the Court found at the Pretrial Conference in this case, the filing was sanctionable because nearly all of the motions contained therein were"bizarre," overly broad, vague, and/or speculative. After imposing the sanction, the Court granted Defense counsel leave to extract and then re-file any meritorious motions in limine contained in the *General Motion in Limine*. (See Record Document 89.) Defense counsel resubmitted only 7 of the original 90 motions. (See Record Documents 101).

Many of the motions in the *General Motion in Limine* sought to instruct this Court regarding the appropriate means of conducting trial proceedings. The motion advises the Court regarding elementary matters, including the value of, among other things: authenticating documents in accordance with the Federal Rules of Evidence, excluding witness testimony during *voir dire*, and excluding hearsay testimony. (See Record Document 63, Motions numbered 34, 40.) The Court is intimately familiar with the dictates of the Federal Rules of Civil Procedure and Evidence, and such abstract matters of law are simply not appropriate for inclusion in a motion *in limine*.

In addition, the requests to exclude evidence were both speculative and vague. Even had this Court issued rulings regarding each and every request to exclude, for most of the rulings it would have been impossible to determine whether a ruling(s) actually applied to an item of evidence sought to be introduced without soliciting further argument from the parties. For example, Defense counsel sought to exclude as a preliminary matter all pre-trial

discovery as irrelevant, and asked the Court to "[p]reclud[e] all rebuttal evidence or testimony of experts that plaintiffs should have called during their case in chief." (See id. at 1-2, Motion numbered 87.) These sort of wide-ranging, speculative determinations simply cannot be made *in limine*.

Furthermore, certain of the requests in the *General Motion in Limine* did not relate in any way to proposed evidence. For example, Defense counsel in the *General Motion in Limine* asked this Court to enter an order "precluding the plaintiffs from asserting any claim for attorney's fees." (See id. Motion numbered 82). This particular motion is defective in two ways: first, a request for attorneys' fees is not properly the subject of a motion in limine; second, like many of the motions contained in the *General Motion in Limine*, no legal authority whatsoever is cited in support of this unorthodox request.

In light of the above, the Court made a finding of bad faith, that the *General Motion in Limine* was filed for the purposes of causing unnecessary delay and needlessly increasing the costs of litigation. The Court now finds that it was reasonable for Plaintiffs' counsel to spend 9.75 hours of senior attorney time and 17.85 hours of junior attorney time in preparing a response to Defense counsel's overly broad, vague, speculative, and bizarre filing. Even setting aside the inappropriate content of the motions, which doubtless multiplied the number of hours required of Plaintiffs' counsel in preparing a response, the sheer number of the motions alone warranted at least half a weeks' worth of work in preparing a response. As Plaintiffs' counsel aptly pointed out in their *Reply*, counsel are "required to take every pleading seriously." (Record Document 156.) With respect to many of the motions, Plaintiffs' counsel's task was made even more difficult because Defendants failed to identify any factual context or to cite any specific legal authority in support (only four cases are cited

in the entire *General Motion in Limine*). (See Record Documents 63, Motions numbered 43, 55, & 77)

Without offering any evidence in support of their surmise, Defense counsel imply that Plaintiffs' counsel have submitted a false bill to this Court and assert that, in fact, "Jim Gregory and Roy Payne spent about 9.75 hours altogether in work on the Motion in Limine." (Record Document 146). The Court observes preliminarily that the only credibility issue before it implicates the conduct of Defense counsel. (See Record Document 159). The Court has no reason to doubt that Plaintiffs' counsel's Invoice is true and correct.

In addition, Defense counsel argue that only 8 hours of senior attorney time should have been required to prepare a response to the *General Motion in Limine*. (See Record Document 146.) Ironically, Mr. Wallace previously filed an Affidavit with this Court stating that Defense counsel intended to bill its client(s) for 8.8 hours of attorney time in preparing the *General Motion in Limine*. (See Record Document 99, ¶ 6.) Mr. Wallace's argument that Plaintiffs' counsel should have spent less time responding to the vague and speculative *General Motion in Limine* than Defense counsel spent preparing it is simply fantastic. The argument is made all the more fantastic by Defense counsel's admission that they adapted the *General Motion in Limine* from a form motion previously used in a state court personal injury case. (See id. at ¶ 5.) Defense counsel cannot expect an opposing party's counsel to read their minds. In order to prepare a response to this modified form motion, which was ill-adapted to the specifics of this case, Plaintiff's counsel "spent hours conducting Westlaw research," a task that complicated by the fact that "Defendants' motions rarely directed the reader to any source of their statements of law." (See Record Document 156). To the extent that Defense counsel object to the amount of time billed by Plaintiffs in responding to the

*General Motion in Limine*, they have only themselves to blame.

The hours billed by Plaintiff's counsel, as reflected in the invoice, were reasonably spent and, as detailed below, adequately documented. The rates charged by Plaintiffs' counsel ($275/hour for the Jim Gregory and Roy Payne's time; $175/hour for fourth-year associate Julie Payne's time) conform to prevailing community standards for attorneys of similar experience in similar cases.

## II. Documentation of Plaintiffs Counsels' Work

Defense counsel argue that Plaintiffs' counsel's Invoice includes charges for work performed in responding to not only the *General Motion in Limine*, but also the two other motions *in limine* filed by Defendants for which the Court did not impose sanctions. See Record Document 146. Defense counsel's conclusion that "Plaintiffs [appear to] have inadvertently 'lumped together' all of the hours spent on the responses to all three pending motions *in limine*" is based on the following reasoning: "Defendants filed their General Motion *in Limine* (Record Document 63) at the same time as they brought two other motions *in limine* (Record Documents 64 & 65). The opposition memos for these three motions *in limine* were due on the same day." (Record Document 146.) Defendants argue that "Plaintiffs' counsel should confirm that the fee statement is only for the opposition to the Motion *in Limine* and not time spent on the other two motions *in limine*."

In fact and contrary to Defendants' assertion, the opposition memos for the *General Motion in Limine* and the other two motions *in limine* filed by Defense counsel were not due on the same day. Although the Defendants filed all three documents on September 26, 2008 (see Record Documents 63, 64, & 65), this Court issued a minute entry on September

*General Motion in Limine*, they have only themselves to blame.

The hours billed by Plaintiff's counsel, as reflected in the invoice, were reasonably spent and, as detailed below, adequately documented. The rates charged by Plaintiffs' counsel ($275/hour for the Jim Gregory and Roy Payne's time; $175/hour for fourth-year associate Julie Payne's time) conform to prevailing community standards for attorneys of similar experience in similar cases.

## II. Documentation of Plaintiffs Counsels' Work

Defense counsel argue that Plaintiffs' counsel's Invoice includes charges for work performed in responding to not only the *General Motion in Limine*, but also the two other motions *in limine* filed by Defendants for which the Court did not impose sanctions. See Record Document 146. Defense counsel's conclusion that "Plaintiffs [appear to] have inadvertently 'lumped together' all of the hours spent on the responses to all three pending motions *in limine*" is based on the following reasoning: "Defendants filed their General Motion *in Limine* (Record Document 63) at the same time as they brought two other motions *in limine* (Record Documents 64 & 65). The opposition memos for these three motions *in limine* were due on the same day." (Record Document 146.) Defendants argue that "Plaintiffs' counsel should confirm that the fee statement is only for the opposition to the Motion *in Limine* and not time spent on the other two motions *in limine*."

In fact and contrary to Defendants' assertion, the opposition memos for the *General Motion in Limine* and the other two motions *in limine* filed by Defense counsel were not due on the same day. Although the Defendants filed all three documents on September 26, 2008 (see Record Documents 63, 64, & 65), this Court issued a minute entry on September

30, 2008 indicating that Plaintiffs' responses to two of the motions *in limine* would be due on October 2, 2008, while Plaintiffs' response to the *General Motion in Limine* would be due on October 3, 2008. Because Defense counsel initially filed the *General Motion in Limine* without a table of contents or a table authorities, the motion was identified as deficient by the Clerk's office and without was not filed of record until September 26, a day after the other two motions in limine were filed. (See Record Documents 63, 69.) Accordingly, this Court extended the deadline for responding to that motion by one day. Plaintiffs' counsel took advantage of that extension, and did not file their response to the *General Motion in Limine* until October 3. (See Record Document 82). The responses to the other two motions in limine, by contrast, were filed on October 2. (See Record Documents 72 & 73). In other words, the predicate underlying Defense counsel's conclusion that Plaintiffs may have "lumped together" their time descriptions is clearly contradicted by the record itself.

In addition, Plaintiffs' counsel have filed a joint Affidavit averring that the Invoice "in the total sum of $5,805 is a true and accurate reflection of the time spent in preparing the Opposition to Defendants' General Motion[] in *Limine*," and that the time spent as evidenced in the Invoice "was time spent exclusively in researching and preparing Plaintiffs' Memorandum in Opposition to Defendants General Motion[] in *Limine* and not for other Motions in *Limine* of plaintiffs or defendants." (See Record Document 156, Attachment 3, Exhibit 5.) This Court is satisfied by Plaintiffs' counsel's averments that the Invoice only represents charges for time spent only in preparing the opposition to Defendants' General Motion *in Limine*, and, as explained above, those charges are reasonable.

III.     **Ms. Payne's Billing Rate**

The Invoice reflects that Julie Payne's time was charged at an hourly rate of $175. Defense counsel object to this rate as unreasonably high, claiming that Ms. Payne "was admitted to the practice of law in October of 2007, and had less than one year's experience as a lawyer when she spent 18 hours working on the Motion *in Limine* opposition." (Record Document 146.) Instead, Defense counsel "submit that an appropriate hourly rate for her work is $125 per hour, consistent with hourly rates for associate attorneys in the Shreveport area." (Id.)

Plaintiffs respond by submitting Ms. Payne's *curriculum vitae* and supporting affidavit. (See Record Document 156, Attachment 3, Exhibits 2 & 5.) This CV indicates that Ms. Payne has more than four years of work experience as an attorney. (Id.) She graduated from Tulane Law School in 2004, clerked immediately thereafter for the Honorable David Alan Ezra, United States District Judge for the District of Hawaii, worked at Thompson & Knight in Dallas from 2005-07, and has practiced with Defense counsel for almost a year and a half. (Id.) In addition, Ms. Payne has been admitted to practice in Texas for over four years.

In light of the foregoing, and considering prevailing local billing rates, this Court finds that $175 is a reasonable hourly billing rate for Ms. Payne's legal services. Indeed, after duly reviewing Ms. Payne's CV, it is this Court's considered opinion that $175 per hour is a bargain rate for counsel of Ms. Payne's caliber and credentials. This Court further finds that Defense counsel's claim that Ms. Payne was "admitted to the practice of law in October of 2007, and had less than one year's experience as a lawyer when she spent 18 hours working on the Motion *in Limine*," has no basis in fact.

**CONCLUSION**

Accordingly, Plaintiff's counsel's Motion for Attorneys' Fees (Record Document 131) is hereby **GRANTED**. An order consistent with the terms of the instant Memorandum Ruling shall issue herewith. **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 17th day of December, 2008.

```
_____
        S. MAURICE HICKS, JR.
     UNITED STATES DISTRICT JUDGE
```