**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| LISA LEA BROSSETTE, ET AL. | CIVIL ACTION NO. 07-0888 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SWIFT TRANSPORTATION, CO., INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

At a pretrial conference held on October 9, 2008, this Court found that defense counsel Campbell E. Wallace and Scott A. Soule of the Chaffe McCall firm had filed a so-called *General Motion in Limine* (Record Document 63), which contained 90 separate motions in limine, for the purposes of causing unnecessary delay and needlessly increasing the costs of litigation. See Pretrial Conference Minutes, Record Document 89. The Court therefore sanctioned attorneys Wallace and Soule, requiring them to: (1) pay fees Plaintiff's counsel incurred in responding to the General Motion in Limine (see Record Document 89); and (2) file affidavits into the record averring that Defendants were not charged any fees in connection with the preparation of the *General Motion in Limine,* either because the clients were not billed for the charges or because the client(s) were issued a refund.[1] See Record Document 96.

At the pretrial conference, before imposing the attorneys' fees sanction, this Court specifically asked attorney Wallace whether he had ever been sanctioned by a court, and

---

[1]Pursuant to both Rule 11 and its inherent powers, this Court had originally imposed a sanction of $1,500 on attorneys Wallace and Soule. Wallace pleaded with the Court to drop the Rule 11 sanction because of it had a certain aura that he worried would follow him in future endeavors. This Court, relying on the strength of Wallace's assertion that his record was free from sanction, withdrew the Rule 11 sanction in favor of the more lenient sanction ultimately imposed.

Mr. Wallace answered in the negative. (See Record Document 156, Attachment 2). Thereafter, it was brought to this Court's attention that Mr. Wallace had been previously sanctioned by a sister court in the Western District of Louisiana. See Williams v. Midwest Employers Cas. Co., No. 97-1208 (W.D.La., Record Documents 414 & 415, filed Mar. 22, 2000). Mr. Wallace appealed that sanction to the Fifth Circuit Court of Appeals. See Williams v. Midwest Employers Cas. Co. et al., No. 00-30432 (5th Cir. filed Mar. 8, 2001). The Fifth Circuit dismissed counsel's appeal for want of jurisdiction. Id.

In the Williams case, the Honorable Robert James, who sits in the Monroe Division of our District, specifically found the following:

> Campbell E. Wallace sent a letter to the Court dated August 10, 1999 in support of his position regarding plaintiff's motion to enforce the settlement in this case. In the letter . . . Mr. Wallace **misled the Court** by representing that he had tendered the settlement funds to plaintiff's counsel, when in fact he sent plaintiff's counsel a photocopy of the check. [In addition, . . .] Mr. Wallace's insertion of subrogation language in the settlement agreement without disclosing this substantive change to plaintiff's counsel was done in bad faith and without justification.

Williams, No. 97-1208, Record Document 414, at 2 (emphasis added). Judge James imposed a monetary sanction of $1,500 against Mr. Wallace under Federal Rule of Civil Procedure 11.

Concerned over the fact that the Rule 11 sanction imposed by Judge James did not appear to have deterred Mr. Wallace from perpetrating further misrepresentation in this District, the Court issued a show cause order and held a conference regarding the order on January 16, 2009. The outcome of that hearing is reflected in a minute entry issued contemporaneously herewith.

At the January 16 conference, it was brought to this Court's attention that the law firm of Chaffe McCall, L.L.P. employs Mr. Wallace on a contract/of-counsel basis. In addition, Mr. Wallace at the hearing accepted full and sole responsibility for his wrongful actions in filing the General Motion in Limine and apologized to the Court for his actions. Specifically, Mr. Wallace represented that Mr. Soule had nothing whatsoever to do with the filing of the General Motion in Limine, despite the fact that his electronic signature appeared on the motion. Furthermore, Mr. Wallace and Ms. Morrison, on behalf of Chaffe McCall, represented that they had agreed that Mr. Wallace had or would reimburse Chaffe McCall for the attorneys' fees incurred by Plaintiffs in responding to the General Motion in Limine (a check in the amount of $5,805.00, drawn on Chaffe McCall's account, was deposited in the Court's registry in accord with this Court's order).

Title 28, § 1927 of the United States Code provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Id. In light of the facts that Mr. Wallace accepted full and sole responsibility for his wrongful actions, Mr. Wallace is a contract employee rather than a partner at Chaffe McCall, and Mr. Wallace agreed to personally reimburse Chaffe McCall for the attorneys' fees reasonably incurred by Plaintiffs' counsel, this Court, which had previously relied upon its inherent authority in sanctioning Wallace, now concludes that Section 1927 is a more appropriate source of authority for the sanction it previously imposed. Accordingly, the Court hereby **AMENDS** its prior orders regarding that sanction (see **Record Documents 89, 159, 160, & 161**) as follows: (a) The sanction imposed

against **Scott A. Soule** is hereby **VACATED**; (b) all **references to this Court's "inherent authority" and/or "inherent power"** are hereby **REPLACED** with references to **28 U.S.C. § 1927**; and (c) **Mr. Wallace**, rather than the law firm of Chaffe McCall, is hereby **made liable for the attorneys' fees portion of the sanction** previously imposed upon the firm, and, accordingly, Mr. Wallace is hereby **ORDERED** to pay Chaffe McCall $5,805.00 in order to reimburse the firm for funds previously paid into this Court's registry. (See Record Documents 146, 160, 161).

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 20th day of January, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE